FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA
2009 MAR 18 PM 2:56
LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

ODIS DAVID SMITH #82469                     CIVIL ACTION

versus                                       NO. 07-8032

WARDEN JEFFERY TRAVIS                        SECTION: R/6

## REPORT AND RECOMMENDATION

This matter was referred to the undersigned United States Magistrate Judge to conduct hearings, including an Evidentiary Hearing, if necessary, and to submit proposed findings and recommendations pursuant to Title 28 U.S.C. § 636(b)(1)(B) and ( C), and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. For the reasons that follow, it is recommended that C.A. No. 07-8032("R")(6) be dismissed with prejudice because it was untimely filed. Upon review of the entire record, the Court has determined that this matter can be disposed of without an Evidentiary Hearing. *See* 28 U.S.C. § 2254(e)(2).

Petitioner, Odis David Smith, filed this Petition for Writ of Habeas Corpus challenging the constitutionality of his confinement pursuant to 28 U.S.C. § 2254. He is incarcerated at the Washington Correctional Center at Angie, Louisiana, serving an eight year sentence after revocation of his parole on January 29, 2003, in the 24th JDC in Jefferson Parish, docket #98-404. He is due to be released on April 23, 2009, at which time he will begin serving his consecutive (and

concurrent) sentences from the 22nd JDC, in dockets #333759, #334156 and #334157. *See* letter from the Louisiana Department of Public Safety and Corrections dated February 2, 2009, attached hereto. The record consists of one volume with unnumbered pages.

This petitioner has filed the following federal habeas petitions:

1. No. 06-0052 "R"(6) Filed 11/14/05, transferred from the District of Maryland; terminated 01/21/06 - pauper status denied because of a deficient pauper application. Record document ("r.d.") #2.
2. No. 06-0345 "R"(6) Filed 02/01/06; terminated 02/01/06 - pauper status denied for sufficient funds. Rec. doc.#1.
3. No. 06-1421 "R"(6) Filed 03/10/06; open/pending.
4. No. 06-0267 "T"(1) Filed 04/20/06; a habeas-related mandamus, construed as a petition for habeas relief pursuant to 28 U.S.C. §2254 and transferred to Sec. "R"(6), judgment rendered 06/07/06 dismissing petition. Rec. doc.#13.
5. No. 06-3520 "R"(6) Filed 07/12/06; dismissed with prejudice 12/26/06 pursuant to voluntary motion to dismiss. Rec. doc.#26.
6. No. 06-3521 "R"(6) Filed 07/12/06; dismissed with prejudice 12/26/06 pursuant to voluntary motion to dismiss. Rec. doc.#23.
7. No. 07-5287 "R"(6) Filed 09/07/07; open/pending.
8. No. 07-5567 "R"(6) Filed 09/10/07; open/pending.
9. No. 07-8032 "R"(6) Filed 11/19/07; open/pending (this petition).

This Report and Recommendation addresses the last petition, No. 07-8032.

## I. PROCEDURAL BACKGROUND

On January 16, 1998, in the 24th JDC in Jefferson Parish, docket #98-404, petitioner was charged with a 4th offense driving while intoxicated ("DWI") in

violation of LSA-R.S. 14:98(E).[1] On June 3, 1998, he entered a plea of guilty as charged, and on that date petitioner was sentenced to ten years at hard labor, with eight years suspended and two to be served without benefit of parole, probation or suspension of sentence, all in accordance with the plea agreement. He was to be placed on active probation for five years after serving the two years. On August 7, 1998, petitioner filed an application for post conviction relief in the trial court asking that he be given credit for time served on a prior conviction. On September 22, 1998, the trial court denied the motion because it was filed in the incorrect venue. The trial court instructed that any motion challenging the computation of his sentence should be filed in the 19th JDC for East Baton Rouge Parish. There is nothing in the record to indicate that petitioner timely refiled his motion in the correct venue. He was released on parole and began serving his five year period of active probation on August 9, 2000.

On May 31, 2001, in the 22nd JDC for the Parish of St. Tammany, petitioner was charged by a felony bill of information with a 4th offense DWI. *See* C.A. No. 1421, R. Vol. 1, p. 48, docket #334156. The felony bill arose out of an incident that occurred on March 20, 2001, which also resulted in a separate charge of a

---

[1] The facts and procedural history regarding his conviction in the 24th JDC are found in the state record provided pursuant to C.A. No. 07-8032, one volume with unnumbered pages.

second 4th offense DWI (docket #333759) and of aggravated flight from an officer and simple escape (docket #333157).[2] *See* C.A. No. 07-5567, R. Vols. 1-3 (unnumbered pages) and C.A. No. 06-1421, R. Vol. 1. On June 8, 2001, petitioner's Probation and Parole Officer in 24th JDC filed a Motion and Order for Hearing to Revoke Probation. *See* C.A. No. 07-8032, R. Vol. 1. The hearing was continued at petitioner's request on a number of occasions.

On July 2, 2002, while the motion for a hearing was pending, petitioner filed an application for post conviction relief in the 24th JDC in which he challenged his June 3, 1998, guilty plea in #98-404 claiming that he was not of sound mind when he entered the plea. On July 10, 2002, the district court denied the application as procedurally barred because it was untimely filed pursuant to La.C.Cr.P. 930.8, noting that petitioner had until June 3, 2000, to file a timely application for post conviction relief in the trial court.

---

[2] On August 8, 2003, after earlier having been found guilty of aggravated flight and simple escape by a jury in the 22nd JDC, in docket #334157, petitioner was sentenced pursuant to a multiple bill to two years on count two (aggravated flight from an officer) and ten years on count one (simple escape) to run concurrently. On May 13, 2004, also in the 22nd JDC, he entered a plea of guilty in #333759 (DWI) and #334156 (enhancement of the 4th offense DWI pursuant to LSA-R.S. 15:529.1). R. Vol. 1, p. 274. At that time, petitioner was sentenced to ten years at hard labor on #333759, without benefit of probation, parole or suspension of sentence, and ten years at hard labor on #334156, without benefit of probation, parole or suspension of sentence to run concurrently with #333759 and concurrently with the two year sentence on count two of #334157 (aggravated flight). The Court ordered that these concurrent ten year sentences were *consecutive* with a ten year sentence on count one of docket #334157 (simple escape) and *consecutive* to the eight year sentence handed down in 24th JDC in #98-404.

On January 6, 2003, petitioner filed a motion in the 24th JDC requesting that his sentence in #98-404 be ordered to run concurrently with his sentences from the 22nd JDC. On January 15, 2003, the district court denied his motion, citing to La.C.Cr.P. art. 883 and explaining that the two sentences should not be concurrent because they arose from different sets of facts and in two different judicial districts. Finally, at a revocation hearing on January 29, 2003, in docket #98-404, 24th JDC, petitioner stipulated to the grounds for revocation and his parole was revoked based on his arrest in St. Tammany Parish. He was sentenced to imprisonment at hard labor for the remaining term of eight years, to run consecutively to his sentences in the 22nd JDC. R. Vol. 1.

Petitioner filed various motions requesting reconsideration of his sentence and that the sentence run concurrently with his sentences in the 22nd JDC, on November 14, 2003, January 12, 2004, March 20, 2006, April 26, 2006, June 20, 2007, July 17, 2006, and August 27, 2007, all of which were denied on procedural grounds as untimely and repetitive. The district court repeatedly observed that petitioner could only have challenged the revocation of his parole by filing a writ application with the Louisiana Fifth Circuit Court of Appeal ("Fifth Circuit") within 30 days of the district court's ruling. Finally, on June 22, 2007, he filed a

writ application[3] with the Fifth Circuit seeking review of the January 29, 2003, revocation of his parole. In Writ No. 2007-KH-452, on July 18, 2007, the writ application was denied as untimely. R. Vol. 1; Smith v. State, 07-452 (La.App. 5 Cir. 7/18/07)(Unpublished Order).

Petitioner filed this federal habeas application on October 19, 2007, but he signed the petition on October 14, 2007.[4] He alleges that he was insane at the time of the parole revocation hearing in the 24th JDC on January 29, 2003, because at a lunacy hearing in the 22nd JDC on March 20, 2002, he had been declared insane.[5] He also claims that his public defender "coerced" him to plead guilty while he had a mental defect and could not tell right from wrong, and that he did not have an attorney to timely file an application for post conviction relief.

## II. THE ANTI-TERRORISM AND EFFECTIVE DEATH PENALTY ACT

---

[3] A copy of the application for post conviction relief is not in the state record, but was provided to this court by Thomas J. Butler, an assistant district attorney for Jefferson Parish.

[4] The Fifth Circuit has recognized that the "mailbox rule" applies to habeas corpus petitions submitted to federal court by prisoners proceeding *pro se*, filed after the effective date of the AEDPA. The date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. Calvin v. Johnson, 184 F.3d 398, 401 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057 (2000).

[5] *See* rec. doc.#18, a copy of the transcript of the lunacy hearing, attached to petitioner's "Memorandum of Law". At the hearing, the judge in the 22nd JDC found that the petitioner was "unable to assist his counsel as a result of a mental defect or capacity". Petitioner was remanded to the Department of Corrections, for placement in the forensic unit for hospitalization. Apparently, a bed was not available and petitioner was still held in the St. Tammany Parish jail awaiting transfer to the Feliciana Forensic Facility when Jefferson Parish had him transferred to its jurisdiction for the revocation hearing in #98-404.

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254. The AEDPA applies to this petitioner because his petition was filed after the AEDPA became effective on April 24, 1996. Lindh v. Murphy, 117 S.Ct. 2056, 2060 (1997). Pursuant to the AEDPA, the threshold questions in federal habeas review are whether the petition is timely and whether the claims raised in the petition have been adjudicated on the merits in state court, that is, the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim. Nobles v. Johnson, 127 F.3d 409, 419-20 (5th Cir. 1997), *citing* 28 U.S.C. § 2254(b) and ( c); Coleman v. Cain, 2006 WL 2589215, *4 (E.D.La. 09/05/2006).

A petitioner is generally required to bring a habeas corpus petition filed pursuant to 28 U.S.C. § 2254 within one year of: (A) the date the conviction is final; (B) the date on which an impediment to filing an application created by state action is removed; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court; and (D) the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D), as amended by AEDPA.

The one year limitation is tolled during the periods that a properly filed

petition for post-conviction relief or other collateral review is pending in state courts. 28 U.S.C. § 2244(d)(2); Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998). In Williams v. Cain, 217 F.3d 303, 307 (5th Cir. 2000), the Fifth Circuit observed that "courts have consistently held that an application is not 'properly filed' if it fails to meet a filing deadline clearly established in state law." Id. (citations omitted). Citing "concern for comity", it further explained that "the plain language of section 2244(d)(2) requires a properly filed state application to meet clear time limitations." Id., at 307-08; Armstrong v. Cain, 2008 WL 3876408 *6 (E.D.La. 8/20/08).

This federal habeas petition arguably implicates 28 U.S.C. § 2244(d)(1)(A) and (D) as petitioner entered two guilty pleas in No. 98-404, the first on June 3, 1998, the second on January 29, 2003.

A.   Guilty Plea Entered On June 3, 1998

Petitioner initially entered his guilty plea and was sentenced on June 3, 1998. The statutory limitation period applicable to this guilty plea is found at 28 U.S.C. § 2244(d)(1)(A), which starts the limitation period on the day the petitioner's conviction became final. Because he did not appeal his conviction,

pursuant to La. C.C.P. art. 914[6] his conviction and sentence became final five days after the rendition of the judgment, on June 10, 1998[7]. Petitioner had one year, 365 days, from the date his conviction became final, until June 11, 1999, to file a federal habeas petition challenging that conviction, unless that period was tolled by a properly filed petition for post-conviction relief or other collateral review in state courts. He filed his federal habeas petition on October 14, 2007.

State procedural rules, Rule 4-2 of the Uniform Rules of Courts of Appeal, require a petitioner intending to apply for a writ to give notice to the judge (and opposing parties or counsel) of the intention to apply by requesting a return date to be set by the judge as provided in Rule 4-3. Rule 4-3 provides that in criminal cases, the return date shall not exceed thirty days from the date the ruling at issue was signed. That rule also provides that "[u]pon proper showing, the trial court or the appellate court may extend the time for filing the application upon the filing of a motion for extension of return date by the applicant, filed within the original or an extended return date period."

On August 7, 1998, petitioner filed an application for post conviction relief

---

[6] In 2003, the statute was amended substituting "thirty days" for "five days". *See* La. Acts. 2003, No. 949, § 1, effective July 1, 2003.

[7] June 5 was Saturday, the 6th was Sunday.

in the trial court, asking that he be given credit for time served on a prior conviction. The motion was denied on September 22, 1998, on procedural grounds because it was filed in the incorrect venue. There is nothing in the record to indicate that petitioner refiled his motion challenging the computation of his sentence in the 19th JDC for East Baton Rouge Parish as trial court had instructed. The limitation period was tolled for 46 days, from August 7 to September 22, 1998, extending the federal habeas limitation period to July 27, 1999.

Petitioner next filed an application for post conviction relief in the 24th JDC on July 2, 2002, in which he challenged his June 3, 1998, guilty plea in #98-404. On July 10, 2002, the district court denied the application as procedurally barred because it was untimely filed pursuant to La.C.Cr.P. 930.8, noting that petitioner had until June 3, 2000, to file a timely application for post conviction relief in the trial court. This application for post conviction relief did not toll the federal limitation period which had already expired.

There is no evidence in the state record that he filed any other timely applications for post conviction relief or other collateral review of his June 3, 1998, guilty plea and sentencing in #98-404. The federal limitations period expired on July 27, 1999. To the extent that the petition challenges the initial guilty plea and sentence in #98-404, the petition is untimely pursuant to 28 U.S.C.

§ 2244(d)(1)(A).

B.   Guilty Plea Entered On January 29, 2003

The petition also expressly challenges petitioner's guilty plea to a 4th offense DWI on January 29, 2003, after which his parole was revoked and he was ordered to serve the remaining eight years of his original sentence at hard labor with credit for time served. Either 28 U.S.C. § 2244(d)(1)(A) or (D) may be applicable because this is the date on which petitioner entered a second guilty plea, and the date on which the factual predicate of this particular claim could have been discovered (his second guilty plea). Because he did not appeal his conviction, pursuant to La. C.C.P. art. 914 his conviction and sentence became final five days after the rendition of the judgment, on February 3, 2003.[8] In that event, the AEDPA limitation period on this claim began on February 4, 2003, and expired on February 4, 2004, unless tolled by a properly filed petition for post-conviction relief or other collateral review in state court.

Petitioner's first motion in the trial court requesting that he be re-sentenced so that the eight year sentence would be concurrent to the sentences entered in the 22nd JDC, was filed on January 6, 2003. The motion was denied on the merits on January 15, 2003, before petitioner entered his guilty plea and before the

---

[8]See n.6, *supra.*

-11-

limitation period began to run. It did not toll the AEDPA limitation period. Petitioner filed the first of multiple motions filed after the date of his revocation hearing on November 14, 2003, each motion requesting that the court order the sentence in #98-404 to run concurrently with his sentences in the 22nd JDC. The trial court denied the motion to reconsider sentence on November 20, 2003. On January 12, 2004, petitioner filed another motion to reconsider sentence in the 24th JDC challenging the severity of his sentence. The trial court denied the motion on January 14, 2004. Petitioner did not file for writs of review of either denial in the Louisiana Fifth Circuit. The AEDPA limitations deadline of February 4, 2004 was thus extended for ten days or until February 16th, 2004, as the deadline of February 14, 2004 fell on a Saturday.

Petitioner filed several additional motions to reconsider the sentence, the first on March 20, 2006. These motions did not toll the federal limitation period which had already expired. On June 22, 2007, petitioner filed a writ application with the Louisiana Fifth Circuit seeking review of the January 29, 2003, revocation of his parole.[9] On July 18, 2007, the Fifth Circuit denied the writ

---

[9] In his writ application to the Fifth Circuit, petitioner argues that his parole should not have been revoked in the 24th JDC based upon his convictions in #333759, #334156 and #334157 in the 22nd JDC. He argues that those convictions had been reversed as unconstitutional when Magistrate Judge Moore granted his motion in C.A. No. 06-1421, at record number #53. He is mistaken. At rec. doc.#51, in C.A. No. 06-1421, petitioner filed a motion entitled "Certificate of Appealability" and "Motion" in which he argued that he was insane at the time he committed the underlying offenses leading to the 22nd JDC

application as untimely. R. Vol. 1; Smith v. State, 2007-KH-452, (La.App. 5 Cir. 7/18/07)(Unpublished Order). Likewise, that writ application did not toll the previously expired federal limitation period. In a letter dated March 12, 2008, the Clerk of Court for the Louisiana Supreme Court verified that the petitioner did not file any writ applications in the Louisiana Supreme Court seeking review of any Fifth Circuit decisions regarding his conviction in #98-404 in the 24th JDC. C.A. No. 07–8032, rec. doc. #17, Ex. 1.

The AEDPA limitation period on petitioner's claims regarding the revocation of his parole in #98-404 in the 24th JDC on January 29, 2003, expired on February 16, 2004. His federal habeas petition challenging that judgment, filed on October 14, 2007, is therefore untimely. Accordingly, it is unnecessary to reach the exhaustion issue.

## III. RECOMMENDATION

For all of the foregoing reasons, it is **RECOMMENDED** that Odis David Smith's petition for issuance of a Writ of Habeas Corpus, C.A. No. 07-8032, filed

---

convictions, and that his constitutional rights had been violated when the prosecutor struck all African-American jurors in #334157, and his public defender did not call any doctors at trial in #334157 or at the guilty plea in #334156. Magistrate Judge Moore entered an order on May 21, 2007, as follows:

> Before the court is an unspecified "motion" filed by Odis David Smith.
> Petitioner makes no specific request but rather cites case law to the court. Accordingly,
> The pleading entitled "motion" (Rec. Doc. #51) is hereby construed as a request to supplement petition and, as such, is granted.

pursuant to Title 28 U.S.C. §2254 be **DISMISSED WITH PREJUDICE** as untimely filed.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within ten (10)days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Automobile Association, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 17th day of March, 2009.

United States Magistrate Judge
Louis Moore, Jr.



BOBBY JINDAL
Governor

JAMES M. Le BLANC
Secretary

# State of Louisiana
## Department of Public Safety and Corrections
## B. B. "Sixty" Rayburn Correctional Center

February 2, 2009

District Attorney of Jefferson
200 Derbigney Street
Gretna, Louisiana 70053

RE: Odis Smith
    B/M
    DOB: 09/01/1950
    DOC# 82469

To whom it may concern:

At your request, I am furnishing you with the above offender's information on Jefferson Parish Docket #98404:

1. The above offender is still incarcerated on Jefferson Parish Docket#98404.
2. The above offender's full-term date on Jefferson Parish Docket#98404 is April 23, 2009.
3. The above offender's projected release date is July 24, 2021.

Sincerely,

Nancy P. Pace
Corrections Record Analyst 2